1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BRENDA LEE CAGLE,

11            Plaintiff,                    No. 2:10-cv-02240 KJN

12      v.

13   MICHAEL J. ASTRUE,
     Commissioner of Social Security,
14
              Defendant.            <u>ORDER</u>
15   _____/

16            Plaintiff, who is represented by counsel, seeks judicial review of a final decision

17   of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for

18   Supplemental Security Income benefits under Title XVI of the Social Security Act.[1]  In her

19   motion for summary judgment, plaintiff contends that the administrative law judge ("ALJ") in

20   this case erred by failing to: (1) include in the formulation of plaintiff's residual functional

21   capacity any restrictions that reflect plaintiff's functional limitations as to "persistence and pace"

22   arising from plaintiff's mental impairment; (2) adopt the opinions of examining state agency

23   physicians Patrick Wong, M.D., and Les Kalman, M.D., as to plaintiff's mental functioning

24   _____

25        [1] This case was referred to the undersigned pursuant to Eastern District of California Local
     Rule 302(c)(15) and 28 U.S.C. § 636(c), and both parties voluntarily consented to proceed before
     a United States Magistrate Judge, 28 U.S.C. § 636(c)(1); Fed. R. Civ. P. 73; E. Dist. Local Rule 301.
26   (Dkt. Nos. 6, 9.)

                                            1

1  despite giving "significant weight" to those opinions; and (3) provide specific and legitimate

2  reasons for not crediting the medical opinion of Aziz Khambati, M.D.  (See generally Pl.'s

3  Memo. of P. & A. In Supp. of Mot. for Summ. J. (Pl.'s Memo.") at 1, Dkt. No. 14, Doc. No. 14-

4  1.)  Plaintiff asks the court to remand this matter to the agency so that these alleged errors may be

5  addressed.  The Commissioner filed an opposition to plaintiff's motion and a cross-motion for

6  summary judgment (Dkt. No. 15.)

7            For the reasons stated below, the court grants plaintiff's motion for summary

8  judgment in part, denies the Commissioner's cross-motion for summary judgment, and remands

9  this case.  Specifically, the undersigned finds persuasive plaintiff's argument that the ALJ's

10 residual functional capacity did not adequately reflect the ALJ's own findings regarding the

11 material impact of plaintiff's mental impairment on her pace and endurance over the course of an

12 eight-hour workday.  Because such error warrants a remand, and the ALJ's review of that issue

13 on remand will likely prompt additional analysis of the opinions of Drs. Wong and Kalman, the

14 court does not address plaintiff's two remaining claims of error.

15 I.     BACKGROUND[2]

16        A.     Procedural History

17            On August 21, 2008, plaintiff filed an application for Social Security Income

18 ("SSI") benefits that alleged a disability onset date of January 1, 2006.[3]  (Admin. Tr. ("AT") 176-

19 83.)  The Social Security Administration denied plaintiff's application initially and upon

20 reconsideration.  (AT 112-13.)  Plaintiff requested a hearing before an ALJ, and the ALJ

21

22        [2]  Because the parties are familiar with the factual background of this case, including plaintiff's medical history, the undersigned does not exhaustively relate those facts here.  The facts related to plaintiff's impairments and medical history will be addressed insofar as they are relevant

23 to the issues presented by the parties' respective motions.

24        [3]  Plaintiff previously filed an application for SSI benefits that was denied after a hearing before an ALJ.  (See AT 58, 93-106.)  Although the ALJ in this case noted the prior, unsuccessful

25 application in the hearing decision under review here, the ALJ did not rely on the previously denied application because plaintiff's more recently filed application alleged new impairments that the ALJ

26 concluded rebutted the presumption of continuing non-disability.  (AT 58.)

conducted a hearing regarding plaintiff's claim on December 21, 2009.  (AT 70-92.)  Plaintiff

was represented by counsel at the hearing and testified.  A vocational expert ("VE") also testified

at the hearing.

In a written decision dated February 26, 2010, the ALJ denied plaintiff's

application for benefits based on a finding that plaintiff could perform other work as a

"dishwasher," "cleaner," or "linen room attendant," which are jobs that exist in significant

numbers in the California economy.[4]  (AT 68.)  The ALJ's decision became the final decision of

---

[4]  Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 et seq.  Generally speaking, Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. §§ 1382 et seq.  Under both benefit schemes, the term "disability" is defined, in part, as an "inability to engage in any substantial gainful activity" due to "any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 404.1520, 404.1571-1576, 416.920, 416.971-976; see also Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  The Ninth Circuit Court of Appeals has summarized the sequential evaluation as follows:

Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.

Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.

Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.

Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.

Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential

1   the Commissioner when the Appeals Council denied plaintiff's multiple requests for review.

2   (See AT 1-2.)  Plaintiff subsequently filed this action.

3          B.      Summary of the ALJ's Findings

4                  The ALJ conducted the required five-step evaluation and concluded that plaintiff

5   was not disabled within the meaning of the Act.  At step one, the ALJ found that plaintiff had not

6   engaged in substantial gainful employment since August 21, 2008, the date that plaintiff filed her

7   application for benefits.  (AT 60.)  At step two, the ALJ concluded that plaintiff had the

8   following "severe" impairments: "insulin dependent diabetes mellitus, obesity, and affective

9   disorder."  (Id.)  At step three, the ALJ determined that plaintiff did not have an impairment or

10  combination of impairments that met or medically equaled one of the impairments listed in the

11  applicable regulations.  (AT 61-63.)  Central to plaintiff's first assignment of error, however, the

12  ALJ did find that in regards to plaintiff's mental impairment, plaintiff had "moderate difficulties"

13  as to "concentration, persistence or pace."  (AT 62.)  The ALJ further found that "[t]he evidence

14  suggests that the claimant's ability to maintain adequate pace and level of endurance over an

15  eight-hour workday is likely to be affected by her mood swings and emotionality."  (Id.)

16                 Prior to reaching step four of the analysis, the ALJ determined plaintiff's residual

17  functional capacity ("RFC") as follows:

18                  [T]he claimant has the residual functional capacity to lift and carry 50
                    pounds occasionally and 25 pounds frequently; stand and walk in
19                  combination for 6 hours out of an 8 hour day; and sit up to 6 hours out of
                    an 8 hour day.  The claimant can never climb ladders, ropes, or scaffolds
20                  and can occasionally climb stairs, balance, stoop, kneel, crouch or crawl.
                    The claimant can work at jobs involving simple routine tasks with
21                  occasional public contact.  Additionally, the claimant should avoid
                    exposure to hazards such as unprotected heights and dangerous moving
22                  machinery in the work place.

23  (AT 63.)  In assessing plaintiff's RFC, the ALJ addressed plaintiff's testimony and found that

24  plaintiff was not credible to the extent that plaintiff's testimony conflicted with the RFC.  (See

25  _____

26  evaluation process proceeds to step five.  Id.

4

AT 63-65.)  Plaintiff has not challenged that finding.  The ALJ also addressed and gave

"significant weight" to the opinions of Drs. Wong and Kalman in regards to plaintiff's mental

functioning.  (See AT 65, 67.)  The ALJ addressed and gave "reduced weight" to the opinion of

Dr. Khambati regarding plaintiff's physical impairments.  (See AT 66-67.)

Having assessed plaintiff's RFC, the ALJ found at step four that plaintiff was not

capable of returning to her past work because plaintiff "has no past relevant work."  (AT 67.)  At

step five, the ALJ concluded that considering plaintiff's age, education, work experience, the

RFC, and the VE's testimony, plaintiff was not disabled within the meaning of the Act.  (AT 67-

68.)  Relying on the VE's testimony, the ALJ determined that plaintiff could perform work in the

representative occupations of "dishwasher, "cleaner," and "linen room attendant," and that jobs

in those occupations existed in significant numbers in the California economy.  (AT 68.)

II.   STANDARDS OF REVIEW

The court reviews the Commissioner's decision to determine whether it is (1) free

of legal error, and (2) supported by substantial evidence in the record as a whole.  Bruce v.

Astrue, 557 F.3d 1113, 1115 (9th Cir. 2009).  This standard of review has been described as

"highly deferential."  Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 690 (9th Cir.

2009).  "'Substantial evidence means more than a mere scintilla but less than a preponderance; it

is such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion."  Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009)

(quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)); accord Valentine, 574 F.3d at

690.  "The ALJ is responsible for determining credibility, resolving conflicts in medical

testimony, and for resolving ambiguities."  Andrews, 53 F.3d at 1039; see also Tommasetti v.

Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) ("[T]he ALJ is the final arbiter with respect to

resolving ambiguities in the medical evidence.").  Findings of fact that are supported by

substantial evidence are conclusive.  42 U.S.C. § 405(g); see also McCarthy v. Apfel, 221 F.3d

1119, 1125 (9th Cir. 2000).  "Where the evidence as a whole can support either a grant or a

5

1    denial, [the court] may not substitute [its] judgment for the ALJ's." <u>Bray</u>, 554 F.3d at 1222; <u>see</u>

2    <u>also</u> <u>Ryan v. Comm'r of Soc. Sec.</u>, 528 F.3d 1194, 1198 (9th Cir. 2008) ("'Where evidence is

3    susceptible to more than one rational interpretation,' the ALJ's decision should be upheld.")

4    (quoting <u>Burch v. Barnhart</u>, 400 F.3d 676, 679 (9th Cir. 2005)).  However, the court "must

5    consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum

6    of supporting evidence.'" <u>Ryan</u>, 528 F.3d at 1198 (quoting <u>Robbins v. Soc. Sec. Admin.</u>, 466

7    F.3d 880, 882 (9th Cir. 2006)); <u>accord</u> <u>Lingenfelter v. Astrue</u>, 504 F.3d 1028, 1035 (9th Cir.

8    2007).

9    III.    <u>DISCUSSION</u>

10                Insofar as plaintiff's mental RFC is concerned, the ALJ found that plaintiff "can

11    work at jobs involving simple routine tasks with occasional public contact."  (AT 63.)  Plaintiff

12    contends that this RFC—which the ALJ subsequently used to question the VE about other work

13    in the national or regional economies that plaintiff could perform—did not adequately capture the

14    ALJ's own findings regarding the functional impact of plaintiff's mental impairment on

15    plaintiff's ability to perform work in an eight-hour day.[5]  Specifically, plaintiff contends that the

16    mental portion of the RFC did not reflect the ALJ's assessment of the impact of plaintiff's mental

17    impairment on plaintiff's "persistence" or "pace."[6]

18                In terms of the ALJ's findings, plaintiff relies on the ALJ's assessment at step

19    three of the five-step analysis.  In determining whether plaintiff's mental impairment met or

20    equaled a listing in the regulations, the ALJ properly evaluated whether plaintiff's mental

21

22         [5]  An ALJ's hypothetical questions to a vocational expert concerning what other work a
      claimant could perform must be based on a RFC that properly sets forth all of the claimant's
23    impairments.  A vocational expert's response to a hypothetical question premised on an incomplete
      RFC does not constitute competent evidence in support of a finding that a claimant could perform
24    other work and is thus not disabled.  <u>See</u>, <u>e.g.</u>, <u>Taylor v. Comm'r of Soc. Sec. Admin.</u>, 659 F.3d
      1228, 1235 (9th Cir. 2011); <u>Nguyen v. Chater</u>, 100 F.3d 1462, 1466 n.3 (9th Cir. 1996).

25         [6]  Plaintiff concedes that the ALJ's RFC adequately captures plaintiff's limitations in terms
      of "concentration," but that the RFC did not capture plaintiff's limitations in terms of "persistence"
26    or "pace."

1   impairment resulted in marked difficulties in concentration, persistence, or pace.  The ALJ's

2   decision states:

3              With regard to concentration, persistence or pace, the claimant has
               moderate difficulties.  The evidence suggests that the claimant's ability to
4              maintain adequate pace and level of endurance over an eight-hour workday
               is likely to be affected by her mood swings and emotionality.  For this
5              reason the claimant's difficulties with regard to concentration, persistence,
               and pace are more than mild, but less than marked.

6

7   (AT 62.)  The ALJ's statement is supported by Dr. Wong's psychiatric opinion regarding

8   plaintiff's pace and endurance, which the ALJ characterized, in part, as follows: "[The

9   claimant's] ability to maintain an adequate pace and level of endurance over an eight-hour

10  workday is likely to be occasionally, but repeatedly, affected by her emotionality.  Her ability to

11  adapt to changes in a workplace is affected by her low self-confidence, poor frustration tolerance,

12  and tendency to be emotional."  (AT 67; see also AT 340-42 (Dr. Wong's functional assessment

13  of plaintiff).)[7]  The ALJ gave "significant weight" to Dr. Wong's opinion.  (AT 67.)

14            The undersigned finds persuasive plaintiff's argument that the RFC formulated by

15  _____

        [7] Dr. Wong's functional assessment of plaintiff states:
16
               This is a woman who has chronic depression marked by mainly emotional
17             lability [sic] where her emotions can flare-up quickly and then calm down
               just as quickly.  This affective instability maybe be [sic] characterlogic in
18             nature.  She has limited self-soothing and abandonment/rejection issued
               further suggesting chronic personality factors.  In any case, at the current
19             time, her ability to carry out simple and complex instructions is generally
               intact.  When she is emotionally upset, her ability to carry out complex
20             instructions is probably impaired.  Her ability to relate to co-workers and the
               public is affected by her poor self esteem, her tendency to be volatile
21             emotionally.  Her ability to relate to a supervisor is equally affected by these
               same patterns.  Her ability to maintain an adequate pace and level of
22             endurance over an eight-hour workday is likely to be occasionally, but
               repeatedly, affected by her emotionality.  Her ability to adapt to changes in
23             a workplace is affected by her low self confidence, her poor frustration
               tolerance, and her tendency to be emotional.  Her depression seems to be
24             fairly moderately treated at this time.  Her ability to stay consistently aware
               of safety issues in the workplace is intact.  Ms. Cagle is currently capable of
25             responsibly managing her own funds.

26  (AT 342.)

                                                    7

1  the ALJ does not adequately capture plaintiff's limitations in terms of persistence and pace; or

2  more accurately stated, endurance and pace.  The ALJ specifically found that plaintiff's ability to

3  maintain adequate pace and endurance over an eight-hour workday would be materially affected

4  by her mental impairment and resulting emotional state.  Yet the RFC arrived at by the ALJ does

5  not reflect any limitations in terms of pace or endurance.  Instead, the RFC simply limits plaintiff

6  to "jobs involving simple routine tasks with occasional public contact."  This RFC does not

7  address plaintiff's pace or endurance.  The practical result of the incomplete RFC relates to the

8  adequacy of the ALJ's hypothetical questions to the VE regarding other work that plaintiff could

9  perform, and the adequacy of the VE's responses that the ALJ relied on in finding plaintiff not

10  disabled.  At step five of the analysis, the ALJ specifically asked the VE about the work that a

11  hypothetical person could perform with the mental component of the RFC limited to the ability to

12  work in "jobs involving simple, routine tasks, [with] occasional public contact."  (See AT 90-

13  91.)  Because the premise of those hypothetical questions was incomplete, the VE's resulting

14  answers were incomplete and cannot serve as substantial evidence supporting the ALJ's non-

15  disability determination.

16         In response, the Commissioner asserts that plaintiff's argument, that a RFC stating

17  that plaintiff was capable of performing "simple routine tasks" did not capture limitations in pace

18  and endurance, was rejected in Stubbs-Danielson v. Astrue, 539 F.3d 1169 (9th Cir. 2008).  In

19  Stubbs-Danielson, the Ninth Circuit Court of Appeals held that "an ALJ's assessment of a

20  claimant adequately captures restrictions related to concentration, persistence, or pace where the

21  assessment is consistent with restrictions identified in the medical testimony."  Id. at 1174.

22  There, the record contained some evidence of the claimant's slow pace, but the only concrete

23  functional limitation provided by the medical sources was that the claimant could perform

24  "simple tasks."  Id. at 1173-74.  As a result, the ALJ formulated a RFC that limited the claimant

25  to "simple, routine, repetitive sedentary work."  Id. at 1173.  The Court of Appeals concluded

26  that the ALJ did not err in that formulation of the RFC and, as a result, did not err in formulating

8

1   hypothetical questions to the vocational expert.

2           Conversely, as plaintiff argues, this case is more akin to <u>Brink v. Commissioner of</u>

3   <u>the Social Security Administration</u>, 343 Fed. Appx. 211 (9th Cir. 2009), which distinguished

4   <u>Stubbs-Danielson</u>.  Although <u>Brink</u> is an unpublished decision and thus only of persuasive

5   value,[8] it is instructive in regards to how it distinguished <u>Stubbs-Danielson</u>.  In <u>Brink</u>, as in this

6   case, the ALJ accepted medical evidence that Brink had difficulty with concentration,

7   persistence, or pace, but posed hypothetical questions to the vocational expert based on a RFC

8   that "referenced only 'simple, repetitive work,' without including limitations on concentration,

9   persistence or pace." <u>Id.</u> at 212.  In finding error and rejecting the Commissioner's argument

10  premised on <u>Stubbs-Danielson</u>, the Court of Appeals reasoned:

11          In <u>Stubbs-Danielson v. Astrue</u>, 539 F.3d 1169 (9th Cir. 2008), we held that
        an "assessment of a claimant adequately captures restrictions related to
12      concentration, persistence, or pace where the assessment is consistent with
        the restrictions identified in the medical testimony." <u>Id.</u> at 1174.  The
13      medical testimony in <u>Stubbs-Danielson</u>, however, did not establish any
        limitations in concentration, persistence, or pace.  Here, in contrast, the
14      medical evidence establishes, as the ALJ accepted, that Brink does have
        difficulties with concentration, persistence, or pace.  <u>Stubbs-Danielson</u>,
15      therefore, is inapposite.

16  <u>Id.</u>

17          The undersigned finds that the reasoning of <u>Brink</u> is persuasive and supports a

18  conclusion that <u>Stubbs-Danielson</u> does not control this case.[9]  In this case, as in <u>Brink</u>, the ALJ

19  accepted evidence of plaintiff's difficulty with pace and endurance, but the RFC only included a

20

21          [8]  Ninth Circuit Rule 36-3(b) provides: "Unpublished dispositions and orders of this Court
    issued on or after January 1, 2007 may be cited to the courts of this circuit in accordance with FRAP
22  32.1." However, Ninth Circuit Rule 36-3(a) provides: "Unpublished dispositions and orders of this
    Court are not precedent, except when relevant under the doctrine of law of the case or rules of claim
23  preclusion or issue preclusion."

24          [9]  The undersigned notes that other courts have found <u>Brink</u> persuasive and applied the
    reasoning of <u>Brink</u> in the manner similar to how the undersigned applies it here.  <u>See</u>, <u>e.g.</u>, <u>Smith v.</u>
25  <u>Astrue</u>, No. ED CV 10-633-PLA, 2011 WL 3962107, at *8-9 (C.D. Cal. Sept. 8, 2011)
    (unpublished); <u>Betancourt v. Astrue</u>, No. EDCV 10-0196 CW, 2010 WL 4916604, at *3-4 (C.D. Cal.
26  Nov. 27, 2010) (unpublished).

reference to "simple routine tasks." That RFC is materially incomplete in light of the evidence in the record and the ALJ's own findings. Accordingly, the undersigned concludes that the ALJ erred in formulating the RFC and that plaintiff is entitled to summary judgment. The court remands this matter to the agency for further development in regards to the formulation of a more accurate RFC for plaintiff insofar as her mental limitations are concerned. Because such reformulation of the RFC necessarily requires reassessment of Dr. Wong's medical opinion at a minimum, the undersigned does not reach plaintiff's remaining arguments.

IV.   CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.   Plaintiff's motion for summary judgment (Dkt. No. 14) is granted in part, and this matter is remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

2.   The Commissioner's cross-motion for summary judgment (Dkt. No. 15) is denied.

3.   The Clerk of Court is directed to enter judgment in favor of plaintiff.

IT IS SO ORDERED.

DATED: March 7, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE